{¶ 147} I concur with the majority on all assignments of error, except the second assignment of error, with which I respectfully concur in judgment only. I write separately to elaborate on the facts and law.
 {¶ 148} The Ohio Supreme Court has established a four-part test to *Page 41 
determine whether a person is under arrest. State v. Darrah (1980),64 Ohio St.2d 22. An arrest occurs when there is "(1) [a]n intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." (Citations omitted.) Id. at 26.
 {¶ 149} Here, when appellant turned himself in, the Maple Heights police intended to arrest appellant, as evidenced by the fact that he was processed and booked and held until the Cleveland police could transport him. Appellant understood he was under arrest, as evidenced by the fact that he asked Officer Sowul and Officer Woodward what he was under arrest for.
 {¶ 150} Because the actions of the officers amounted to an arrest, and not merely a brief investigatory encounter, we must now determine whether probable cause existed for appellant's arrest.
 {¶ 151} In State v. Elmore, 111 Ohio St.3d 515, 521; 2006-Ohio-6207, the Supreme Court of Ohio stated the following:
 "The warrantless arrest of an individual in a public place upon probable cause does not violate the Fourth Amendment. See United States v. Watson (1976), 423 U.S. 411, 423-424, 96 S.Ct. 820, 46 L.Ed.2d 598; United States v. Santana (1976), 427 U.S. 38, 42, 96 S.Ct. 2406, 49 L.Ed.2d 300. Moreover, in Ohio, warrantless arrests are permitted by statute. R.C. 2935.04
provides: `When a felony has been committed, or there is reasonable ground to believe that a felony has been committed, any person without a warrant may arrest another whom he has reasonable cause to believe is guilty of the offense, and detain him until a warrant can be obtained.' Thus, the question becomes whether there was probable cause for making the arrest.
 "Probable cause for a warrantless arrest requires that the arresting officer, at the time of the arrest, possess sufficient information that would cause a reasonable and prudent person to believe that a criminal offense has been or is being committed. Gerstein v. Pugh (1975), 420 U.S. 103, 111-112, 95 S.Ct. 854, 43 L.Ed.2d 54; Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142. In determining whether probable cause existed, we examine the `totality' of facts and circumstances surrounding the arrest. See State v. Homan (2000), 89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952." (Emphasis added.)
 {¶ 152} At the time appellant turned himself in to the Maple Heights police station, Sergeant Ehrbar had engaged in multiple telephone conversations with the victim's family, and he had been informed by Lieutenant Holmes of the Cleveland police that they wanted to speak with appellant in connection with his wife's having been shot and critically injured. Appellant voluntarily turned himself in to the Maple Heights police station. Appellant was processed and booked, and detained until the Cleveland police arrived to transport him. He was later transported to Cleveland, where he was "Mirandized" and again processed and booked.
 {¶ 153} In accordance with the totality of the circumstances, it is clear that the officers had probable cause to believe appellant was guilty of the offense. Because the officers performed a legal arrest pursuant to the Fourth Amendment and R.C. 2935.04, any challenge to the arrest and the evidence obtained therefrom would have been futile. Therefore, defense counsel was not ineffective for failing to file a motion to suppress. *Page 1